**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICHARD EIRE STROTHER** | : | **CIVIL ACTION** |
| **v.** | : | |
| **RONALD NARDOLILLO** | : | **NO. 07-cv-2165** |

<u>                    **MEMORANDUM AND ORDER**                    </u>

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus.  Petitioner in the instant matter seeks relief pursuant to AEDPA (more specifically, pursuant to 28 U.S.C. §2254).  In the context of a state prisoner, if such a writ of habeas corpus is issued by a federal court pursuant to 28 U.S.C. §2254, the prisoner will be released from state custody on the grounds that his rights guaranteed by the United States Constitution, and/or by a federal law, and/or by a treaty entered into by the United States, have been violated.  <u>Benchoff v. Colleran</u>, 404 F.3d 812 (3rd Cir. 2005);  <u>Coady v. Vaughn</u>, 251 F.3d 480 (3rd Cir. 2001).

By means of AEDPA, Congress ***intentionally*** created a series of ***restrictive gate-keeping conditions*** which must be satisfied for a prisoner to prevail regarding a petition seeking the issuance of a writ of habeas corpus pursuant to 28 U.S.C. §2254. One such intentionally restrictive gate-keeping condition is AEDPA's so-called ***"second or successive rule"***, created by 28 U.S.C. §2244(b), which generally forbids a litigant from filing a 28 U.S.C. §2254 habeas if that litigant had at least one prior 28 U.S.C.

§2254 habeas that was dismissed with prejudice.  For purposes of the second or successive rule, the concept of 'dismissal with prejudice' means **_either:_**

1.    that the prior case was dismissed after merits consideration and denial on the merits; **_or,_**

2.    that the prior case was dismissed on grounds of procedural default;[1] **_or,_**

3.    that the prior case was dismissed on grounds of AEDPA's statute of limitations.

Villot v. Varner, 373 F.3d 327 (3d Cir. 2004); Holloway v. Horn, 355 F.3d 707 (3d Cir. 2004); Jones v. Morton, 195 F.3d 153 (3d Cir. 1999); Hull v. Kyler, 190 F.3d 88 (3d Cir. 1999); Christy v. Horn, 115 F.3d 201 (3d Cir. 1997).  AEDPA provides in relevant part that before such a second or successive petition is filed in the district court, the prisoner must first get permission to file in the district court from the circuit court, pursuant to 28 U.S.C. §2244(b)(3)(A), and that without such circuit permission, the district court lacks subject matter jurisdiction to consider such a habeas petition.  Villot v. Varner, 373 F.3d 327 (3d Cir. 2004); Holloway v. Horn, 355 F.3d 707 (3d Cir. 2004); Jones v. Morton, 195 F.3d 153 (3d Cir. 1999); Hull v. Kyler, 190 F.3d 88 (3d Cir. 1999); In re Minarik, 166 F.3d 591 (3d Cir. 1999); Christy v. Horn, 115 F.3d 201 (3d Cir. 1997). The strict requirements annunciated in AEDPA's second or successive rule were intentionally

---

[1]Procedural default occurs when a §2254 petitioner in this district court previously had the right to file an appeal of the conviction and/or sentence involved to a state court, or the right to file an application for post-conviction relief the conviction and/or sentence involved to a state court, concerning specific issues, but the petitioner did not, in fact, file such an appeal or application, and some procedural rule of the state court dictates that the time has passed for such a state filing.

enacted in order to support the Congressional policy of creating finality with respect to state and federal criminal prosecutions that involve federal constitutional issues. Woodford v. Garceau, 538 U.S. 202 (2003); Duncan v. Walker, 533 U.S. 167 (2001); Crews v. Horn, 360 F.3d 146 (3rd Cir. 2004).

On May 29, 2007, petitioner filed the above-captioned petition in this court attacking a denial of parole by the state parole board.  Coady v. Vaughn, 251 F.3d 480 (3d. Cir. 2001), stands for the proposition that attacks on the constitutionality of a denial or revocation of state parole that do not attack a state conviction or sentence are properly brought under 28 U.S.C. §2254 and NOT under 28 U.S.C. §2241.  As §2254 petitions, AEDPA's second or successive rule generally precludes the consideration of second or successive §2254 petitions that attack a denial of parole, even where the previous §2254 petition had nothing to do with parole issues.  Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005).

Petitioner has filed a previous petition in this court pursuant to 28 U.S.C. §2254, labeled 95-cv-1777, which attacked the same conviction and/or sentence at the heart of the instant matter, and which raised various claims, all of which were either dismissed as procedurally defaulted, or dismissed after consideration on the merits; as previously stated, this acts as a dismissal ***with*** prejudice for purposes of the second or successive rule, which is therefore triggered in this matter.

Accordingly, this                             Day of August, 2007, it is hereby

**ORDERED** as follows:

3

1.    Leave is granted Petitioner to proceed in forma pauperis in this matter.

2.    This civil action is **DISMISSED WITHOUT PREJUDICE** on the grounds that this court lacks subject matter jurisdiction over it.

3.    The Clerk of the United States District Court for the Eastern District of Pennsylvania shall mark this matter as **CLOSED** in this court for all purposes, including statistics.

**S/ ANITA B. BRODY**
**ANITA B. BRODY, U.S. District Judge**

4