IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD EIRE STROTHER, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | 07-cv-2165 |
| v. | : | |
| | : | |
| RONALD NARDOLILLO, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**EXPLANATION AND ORDER**

On March 27, 1995, Richard Strother filed a petition for the writ of habeas corpus in this court. On September 29, 1997 I denied the petition. On July 25, 2008 the Third Circuit reversed my decision and remanded the case. Because Strother has been released from custody, I order him to show cause why his petition should not be denied as moot.

**I.   BACKGROUND**

On April 28, 1987, petitioner Richard Strother ("Strother") was convicted of robbery and related offenses in the Philadelphia Court of Common Pleas. On October 5, 1987, he was sentenced to serve 6 to 20 years in prison. (Philadelphia Court of Common Pleas Bill Nos. 1282-1287, April Term, 1986). On March 27, 1995, after challenging his conviction in state court,[1]

---

[1]Following conviction, Strother made a direct appeal to the Pennsylvania Superior Court. On April 5, 1988 the Superior Court affirmed the judgment of the trial court. Commonwealth v. Strother, No. 2880 Philadelphia, 1987. On April 9, 1990, petitioner filed a petition pursuant to Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S.A. § 9541 et seq. ("PCRA"). PCRA counsel filed a "no merit" letter in accordance with Pennsylvania v. Finley, 487 U.S. 551 (1987). On June 23, 1993, after an independent review of the record by the Honorable Joseph I. Papalini, the petition was dismissed. Petitioner appealed pro se. On June 21, 1994, the Pennsylavnia Superior Court affirmed. Commonwealth v. Strother, No. 2506 Philadelphia 1993. Petitioner then filed for allowance of appeal in the Pennsylvania Supreme Court. On March 1, 1995,

Strother filed a petition for the writ of habeas corpus in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 2254 (the "1995 Habeas Petition").[2] On September 29, 1997, the court denied the petition. (See Order of Judge Robert S. Gawthrop III (Docket No. 95-cv-1777, Doc. 12)).

On February 22, 2006, Strother completed serving the maximum 20 year sentence in state prison. Instead of being released, however, Strother was detained for a violation of parole related to a prior conviction in the Court of Common Pleas of Delaware County on November 7, 1983.[3] After being and transferred to George W. Hill Correctional Facility, Strother received notice that the Pennsylvania Board of Probation and Parole (the "Parole Board") had ordered him to serve an additional 23 months and 20 days incarceration for his violation of parole. (See Petitioner's Supplemental Brief in Support of Applications [sic] for Form for Habeas Corpus Under 28 U.S.C. § 2254 ("Petitioner's Brief") (Docket No. 07-2165, Doc. 4)).[4]

On February 29, 2006, Strother challenged the Parole Board's actions by filing a petition for administrative review arguing that he was improperly (1) denied a revocation hearing, (2) denied a recalculation hearing, and (3) denied appointment of counsel. (See Petitioner's Form for Use in Applications for Habeas Corpus Under 28 U.S.C. § 2254 (Docket No. 07-2165, Doc. 4)). This petition was denied by the Parole Board on March 2, 2006. (Id.).

---

allocatur was denied. Commonwealth v. Strother, No. 610 E.D. Allocatur Docket 1994.

[2]Strother's 1995 Habeas Petition raised challenges to his conviction based on the ineffectiveness of trial counsel, direct appeal counsel, and PCRA counsel. (See Report and Recommendation of U.S.M. Judge Edwin Naythons filed on June 19, 1995 (Docket No. 95-cv-1777, Doc. 7)).

[3]As confirmed on October 2, 2008 in a telephone conversation with the Records division of SCI - Somerset prison.

[4]No response has been filed by Respondent.

On May 29, 2007, after exhausting his state court remedies,[5] Strother filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2244 in the Eastern District of Pennsylvania (the "2007 Habeas Petition")(Docket No. 07-cv-02165, Doc. 4).[6] The 2007 Habeas Petition advances the same three grounds for relief as his petition for administrative review. See Petitioner's Brief at 1-2.

On August 15, 2007, I found that the 2007 Habeas Petition was "second or successive" to the previous habeas petition that Strother had filed in 1995 and dismissed the petition for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A). On July 25, 2008, the Third Circuit reversed my ruling and remanded for further proceedings consistent with their finding that the petition was not "second or successive" because it challenged a parole board decision stemming from a different conviction than the conviction that was the subject of his prior federal habeas petition. However, on February 13, 2008, while the Third Circuit was considering Strother's appeal, Strother was unconditionally released from state custody.[7] Since his release, Strother has not had an opportunity to make additional arguments to this court.

---

[5] Following the denial of his petition by the Parole Board, petitioner filed an appeal with the Commonwealth Court of Pennsylvania that was dismissed per curiam on May 4, 2006. (See Order of Comm. Ct. No. 273 MD 2006). Petitioner then appealed to the Pennsylvania Supreme Court and was also denied, per curiam, on April 17, 2007. (See Supreme Court of Pennsylvania Appeal Docket No. 110 MAP 2006).

[6] This petition was properly brought under 28 U.S.C. § 2254. As held in my Explanation and Order filed on August 20, 2008, Coady v. Vaughn, 251 F.3d 480 (3d. Cir. 2001), stands for the proposition that attacks on the constitutionality of a denial or revocation of state parole that do not attack a state conviction or sentence are properly brought under 28 U.S.C. §2254 and NOT under 28 U.S.C. §2241. (See Docket No. 07-2165, Doc. 5).

[7] As confirmed on October 2, 2008 in a telephone conversation with the Records division of the George W. Hill Correctional Facility. Not only is Strother no longer in custody, he is no longer on probation or parole as confirmed on October 2, 2008 by telephone conversations with the Pennsylvania Board of Probation and Parole, Delaware County Adult Probation and Parole, and Philadelphia County Probation and Parole.

II.     DISCUSSION

Because Strother has been unconditionally released from state custody, the threshold issue is whether Strother's habeas is now moot. See United States v. Kissinger, 309 F.3d 179, 180 (3d Cir. 2002) (addressing mootness after petitioner's unconditional release from custody, even where the issue was not raised by the parties). Under Article II, section 2, of the United States Constitution, federal judicial power extends only to cases or controversies. The case-or-controversy requirement subsists through all stages of federal litigation and requires that the plaintiff has sustained, or is threatened with "an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citing Lewis v. Continental Bank Corp., 494 U.S. 472, 477-48 (1990)).

An incarcerated habeas petitioner always meets the Article III case or controversy requirement because the fact of their incarceration is the injury and the relief they seek from the court—release from incarceration—would redress that injury. Id. If the petitioner is released while the habeas petition is still pending, however, the court must evaluate the petition under the case or controversy requirement. United States v. Kissinger, 309 F.3d 179, 180 (3d Cir. 2002). If no case or controversy exists, the court must deny the petition as moot. Spencer v. Kemna, 523 U.S. 1, 7 (1998).

A released habeas petitioner may meet the case or controversy requirement by demonstrating "collateral consequences" from the challenged act that have resulted in "concrete and continuing injury." Id. (finding no concrete injury where collateral consequences depended on petitioner committing and being convicted of future crimes). Collateral consequence are presumed in cases where the petitioner is challenging a wrongful conviction. This is because the "disabilities or burdens" deriving from criminal conviction, such as the loss of the right to vote,

the right to serve on a jury, or the right to hold certain offices, clearly present a continuing injury to the wrongfully convicted. See e.g. Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968); Sibron v. New York, 392 U.S. 40, 55-56 (1968) (following Pollard v. United States, 352 U.S. 354, 358 (1957) (holding that "the possibility of consequences collateral to the imposition of sentence is sufficiently substantial" to overcome mootness without requiring case-specific inquiry)).

Where a petitioner challenges the revocation of parole, however, collateral consequences are not presumed and must instead be demonstrated by the petitioner. See Spencer v. Kemna, 523 U.S. 1, 14 (1998) (following Lane v. Williams, 455 U.S. 624, 633 (1982) (finding no injury for convicted felons challenging parole violations, even where the violations could potentially be used to increase sentencing in the future); United States v. Kissinger, 309 F.3d 179, 181 (3d Cir. 2002) (following Spencer and extending its holding to the probation context).

Because Strother has been released from custody, under the case or controversy requirement, he must show collateral consequences to maintain his habeas petition.  Because Strother's petition challenges his parole revocation proceedings and not his conviction, collateral consequences cannot be presumed.  As he has not alleged any collateral consequences, I order him to show cause why the 2007 Habeas Petition should not be denied as moot.

## **ORDER**

**AND NOW**, this ___14th_____ day of October, 2008, petitioner is **ORDERED** to present a statement to the court of petitioner's collateral consequences or continuing injury, if any, in connection with his petition for writ of habeas corpus (Docket No. 07-cv-02165, Doc. 4), or to otherwise **SHOW CAUSE** by **November 1, 2008** why the above-captioned petition should not be denied as moot.

                                                      s/Anita B. Brody

                                                      ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:      Copies **MAILED** on _____ to: